

ATTORNEYS AT LAW

800 Third Avenue
13th Floor
New York, NY 10022

T 212-471-6200
F 212-935-1166
www.hinshawlaw.com

Concepcion A. Montoya
212-471-6228
cmontoya@hinshawlaw.com

July 29, 2014

**BY ECF**
Hon. Carol B. Amon
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

          *Re:*    *Lowenbein v. Vengroff Williams, Inc.*
                 *14 CV 03288 (CBA)*

Dear Judge Amon:

      We represent Defendant Vengroff Williams, Inc. ("Vengroff") in the above-referenced matter and write, pursuant to Your Honor's Rules, to request a pre-motion conference. For the reasons set forth below, Vengroff intends to move to dismiss the Class Action Complaint (the "Complaint"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

      On or about May 27, 2014, Plaintiff filed the Class Action Complaint alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et al*. ("FDCPA"). In essence, Plaintiff alleges that during a telephone conversation (which Plaintiff initiated) on November 13, 2013 with a Vengroff representative, Vengroff failed to advise him of his validation rights in violation of §§ 1692e and 1692g of the FDCPA. (Complaint, ¶¶ 13-17, 21-26). Plaintiff nonetheless alleges that he received an initial letter prior to his November 13th telephone conversation with Vengroff. (Complaint, ¶ 11). In fact, that initial letter is dated October 1, 2013, which preceded Plaintiff's telephone discussion with Vengroff for more than thirty (30) days.

      Defendant Vengroff respectfully submits that the Complaint fails to state a claim upon which relief can be granted and should be dismissed as a matter of law. First, any alleged misstatements made by Vengroff to Plaintiff in violation of §1692e, specifically that Plaintiff cannot dispute the debt unless it is writing or without a reason (Complaint, ¶ 13), fail as a matter of law. The Second Circuit has held that an oral dispute is only sufficient to preserve some basic rights under the FDCPA but a written dispute is required to trigger the ultimate protection under the FDCPA—which is to halt collection efforts until the debtor collector takes steps to verify the

Hon. Carol B. Amon
July 29, 2014
Page 2

debt.  *Hooks v. Forman, Holt, Eliades & Ravain, LLC*, 717 F.3d 282, 286 (2d Cir. 2013).  Thus, on the face of the Complaint, Vengroff's statements do not amount to a violation of the FDCPA.

      Second, the Second Circuit has made clear that claims of misrepresentation based on the FDCPA must be material.  *See Gabriele v. American Home Mortg. Servicing, Inc*., No. 12-985-cv, 503 Fed. Appx. 89, 94 (2d Cir. Nov. 27 2012) ("[N]ot every technically false representation by a debt collector amounts to a violation of the FDCPA ….")  To establish a material misrepresentation, a plaintiff must show that the misrepresentation "influenced a consumer's decision or ability to pay or challenge a debt."  *Okyere v. Palisades Collection, LLC*, 961 F. Supp.2d 508, 518 (S.D.N.Y. 2013) (*citing Klein v. Solomon, P.C*., 2011 WL 5354250, at *2 (D. Conn. Oct. 28, 2011)).  Because Plaintiff's validation rights expired prior to the November 13th conversation with Vengroff, any alleged misrepresentations concerning the requirements to dispute a debt and to obtain validation could not possible be material.

      Finally, a consumer's debt validation rights only persist for thirty days after receipt of a debt validation letter.  *See* 15 U.S.C. § 1692g(a)(3), (a)(4), (a)(5) ("a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector").  In other words, any communications after the thirty day period "cannot violate §1692g(a) regardless of its content."  *Id*.  Thus, any alleged statements made by Vengroff which purportedly violate §1692g fails as a matter of law because more than 30 days have elapsed between the date of the initial letter and Plaintiff's telephone discussion with Vengroff.

      For all of these reasons, Defendant intends to move to dismiss the Complaint and accordingly request a pre-motion conference in furtherance thereof.  To that end, DCS proposes the following briefing schedule:  Moving papers to be served by August 29, 2014; opposition papers to be served by September 29, 2014; and reply papers to be served by October 13, 2014.

      We thank the Court for its consideration in these matters.

      Respectfully submitted,

      HINSHAW & CULBERTSON LLP
      *Attorneys for Defendant*


      By:   *s/ Concepcion A. Montoya*
           Concepcion A. Montoya [CM-7147]


cc:    Adam J. Fishbein, Esq. (Via ECF)