**ADAM J. FISHBEIN, P.C.**
ATTORNEY AT LAW

483 Chestnut Street
Cedarhurst, New York 11516

Telephone (516) 791-4400
Telecopier (516) 791-4411

August 12, 2014

**VIA ECF**
The Honorable Chief Judge Carol Baley Amon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**RE: Lowenbien v. Vengroff Williams, Inc.
     14 CV 3288 (CBA)**

Dear Judge Amon:

I represent the plaintiff in the above referenced matter. Instead of answering the complaint the defendant has filed a motion for pre motion conference for permission to file motion to dismiss. The plaintiff has amended the complaint. The first amended complaint clearly alleges that the plaintiff made the oral dispute **within 30 days of receipt of the letter**.

Although the defendant is always free to request pre motion conference for permission to file motion to dismiss, the record now reflects that after the filing of the [1]first amended complaint that the plaintiff does in fact allege that he had made the dispute **within 30 days of receipt of the letter**.

To the extent that the defendant would still want to proceed with its motion any such motion would need to **assume the truth of the facts alleged by Plaintiff.** See. Woolcott v. Baratta, 2014 U.S. Dist. LEXIS 63043, 17, 2014 WL 1814130 (E.D.N.Y. May 7, 2014) ("Defendants' motion to dismiss presents a factual dispute that is "not appropriately decided at the dismissal stage")

In Khaytin v. Stern & Stern, ESQS., 2013 U.S. Dist. LEXIS 144091, 12, 2013 WL 5520000 (E.D.N.Y. Sept. 30, 2013) The court stated:

> "Although Defendant's proposed motion purports to be a motion to dismiss pursuant to Rule 12(b)(6), it is actually in the nature of a motion for summary judgment. **Defendant's proposed motion does not assume the truth of the facts alleged by Plaintiff**… While this Court could consider this evidence by converting Defendant's proposed motion into a motion for summary judgment, see Fed. R. Civ. P. 12(d), it would be inappropriate to do so at this juncture since it is unclear whether Plaintiff has yet had a sufficient opportunity to conduct the discovery necessary to controvert Defendant's evidence… [T]his Court concludes that Defendant's proposed motion is in the nature of motion for summary judgment rather than a motion to dismiss. Since there is nothing in the docket sheet to indicate that discovery has

---

[1] Although this should have been clear from the original complaint the plaintiff in his amended complaint has now made it entirely clear that he has in fact disputed the debt within thirty days of receipt of the letter.

concluded, a motion for summary judgment would be premature. **Accordingly, this Court denies Defendant permission to file the proposed motion at this time**."

In the interest of a useful expenditure of the parties' time, we ask that the court cancel the pre motion conference. See *Pinkesz v. Portfolio Recovery Associates, LLC.*, No. 1:12-cv-02508 Doc 19 (E.D.N.Y. Nov 14, 2012) ("Since defendant's pre-motion conference request related to the original complaint, this Court agrees with plaintiff that the November 1, 2012, request has been mooted by the filing of the amended complaint. Defendant has 14 days from service of the amended pleading in which to answer or file a pre-motion conference request relating to the amended complaint.)  *Goldstein v. Frederick J. Hanna & Associates, P.C.* No. No. 1:13-cv-00776  (E.D.N.Y Apr 14, 2013) (same).


Yours faithfully,

/s/
Adam J. Fishbein

Cc:  Concepcion A. Montoya, Esq.